UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>                              Plaintiff,<br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS; CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; and CALIFORNIA ATTORNEY GENERAL'S OFFICE,<br><br>                             Defendants. | Case No.: 3:17-cv-01766-GPC-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. No. 2]; and**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |

On September 1, 2017, Plaintiff Cornelius Oluseyi Ogunsalu ("Plaintiff"), proceeding *pro se*, filed a complaint against California's Office of Administrative Hearings ("OAH"), the California Commission on Teacher Credentialing (the "CCTC"), and the California Attorney General's Office ("COAG"). (ECF No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Based on the reasoning below, the Court GRANTS the motion to proceed IFP, but *sua sponte* DISMISSES Plaintiff's complaint without prejudice because it fails to state a claim on which relief may be granted.

//

## I. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

All parties instituting any non-habeas "civil action, suit, or proceeding" in a federal district court must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee and including a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, plaintiff asserts that he is presently unemployed, and receives temporary disability benefits of $245.33 per week and $140 per month in food stamps. (ECF No. 2 at 1.) Plaintiff currently has $490 in his bank account. (*Id.* at 2.) His monthly expenses, not including loan payments, amount to $845. (*Id.*) Based on this information, the Court concludes that Plaintiff cannot afford the filing fee for this action. Therefore, the Court GRANTS Plaintiff's motion for leave to proceed IFP. (ECF No. 2.)

### B. *Sua Sponte* Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

### i. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because Plaintiff proceeds *pro se*, the Court construes the complaint liberally. *See Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1139 (9th Cir. 2013).

### ii. Allegations

Plaintiff's complaint alleges the following facts. Plaintiff received a Preliminary Single Subject Teaching Credential from the CCTC on July 18, 2013, which was set to expire on June 1, 2016. (ECF No. 1-2 at 2.[1]) Plaintiff applied for a Clear Single Subject

---

[1] The Court may consider documents attached to the complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." (internal quotation marks omitted)).

Teaching Credential on July 1, 2014. (*Id.*) During the 2013-14 school year, Plaintiff served as a World History and Geography teacher at Bell Middle School in the San Diego Unified School District (the "District"). (*Id.*) On March 11, 2014, the District served Plaintiff with a notice of "non-reelection" based on the recommendation of the school principal, Michael Dodson. (*Id.* at 2, 3, 8–9.) According to Plaintiff, Dodson's recommendation included "fabricated and false" information. (ECF No. 1 at 8.)

The CCTC held a hearing on Plaintiff's non-reelection in Sacramento, California. (*Id.*) Plaintiff attended the hearing and was represented by an attorney. (*Id.*) On February 27, 2015, the Commissioner's Committee of Credentials (the "Committee") advised Plaintiff that "probable cause existed" to suspend Plaintiff's Preliminary Credential for 21 days. (ECF No. 1-2 at 2.) The Committee recommended, however, that Plaintiff's "application for a Clear Credential be granted upon the completion of the suspension of the Preliminary Credential." (*Id.*) The Committee informed Plaintiff that he had "the option of requesting an administrative hearing but noted that disciplinary action imposed following the hearing could be greater or less than the action recommended by the Committee." (*Id.*) Fearing that accepting the suspension would lead to the denial of his Clear Credential because it would be seen by the CCTC as an admission of wrongdoing, Plaintiff requested an administrative hearing. (*Id.*; ECF No. 1 at 8.) On June 22, 2016, California Deputy Attorney General Chara L. Crane filed an accusation and statement of issues, and a hearing was set for November 14 and 15, 2016. (ECF No. 1-2 at 1–2.)

In the meantime, Plaintiff became concerned that the COAG was "strong-arming him and attempting to railroad him into accepting the 21-days suspension," particularly because there was a pending federal lawsuit that Plaintiff had filed "in which the [CCTC] and [COAG] were implicated." (ECF No. 1 at 8.) Plaintiff believed that "the 21-day suspension he'd appealed before the Commissioner and for which he was given proper notice of had turned into something else, i.e., a revocation hearing for which he had not previously appeared before the Commission to address and for which he had not been

given proper notice of." (*Id.*)

At a "settlement/scheduling conference" before the OAH, Plaintiff voiced this concern and requested a continuance of his hearing. (*Id.*) He also indicated that "a pending Public Employment Relations Board opinion" would moot the OAH's hearing "if favorable to Plaintiff." (*Id.*) The administrative law judge (the "ALJ") denied Plaintiff's request for a continuance for lack of good cause. (*Id.* at 9.) Plaintiff filed a petition for a writ of mandate in California Superior Court to challenge the denial of his requested continuance. (*Id.*) The Superior Court denied Plaintiff's petition, however, in light of his status as a vexatious litigant under California Civil Procedure Code § 391 *et seq*. (*Id.*) Plaintiff sought permission from the California Court of Appeal to file a petition for a writ directing the Superior Court to grant Plaintiff's challenge to the ALJ's denial of his request for a continuance. (*Id.*) The Court of Appeal denied Plaintiff permission to file the petition. (*Id.*) Plaintiff petitioned the California Supreme Court for review. (*Id.*) The California Supreme Court granted the petition and remanded to the Court of Appeal with instructions to reconsider its decision in light of a recent California Supreme Court decision, *John v. Superior Court*, 63 Cal. 4th 91 (2016), which was relevant to the operation of California's vexatious litigant law. (*Id.*)

Meanwhile, the ALJ went forward with the hearing on November 14 and 15, 2016. (ECF No. 1-2 at 1.) Plaintiff was not present at the hearing. (*Id.*; ECF No. 1 at 9.) According to the ALJ's decision, on November 10, 2016, Plaintiff sent an email to Crane, with a copy to the OAH, in which he asserted that the OAH was as "an illegal tribunal," and that "he would appear at this hearing, state his position, and then leave." (ECF No. 1-2 at 3 n.2.) The ALJ noted that "[t]hese emails established [that Plaintiff] had actual knowledge of the hearing but elected not to appear." (*Id.*) On December 12, 2016, the ALJ issued a decision revoking Plaintiff's Preliminary credential and denying Plaintiff's application for a Clear Credential. (*Id.* at 20.) The ALJ concluded that there was clear and convincing evidence that, in light of his harassment of teachers and students at Bell, Plaintiff "engaged in unprofessional conduct" and that he "poses a significant danger of

5

harm to students, school, employees, or others who might be affected by his actions as a teacher." (*Id.* at 1.) "Accordingly, the only discipline that will adequately protect the public," the ALJ concluded, "is revocation of the Preliminary Credential and denial of his application for a Clear Credential." (*Id.*) The ALJ's decision became effective on March 19, 2017. (*Id.*) Plaintiff challenged that decision in Superior Court. (ECF No. 1 at 2.) The Superior Court denied Plaintiff's challenge "based on the pending proceedings before the Court of Appeal and the California Supreme Court." (*Id.*) On May 31, 2017, on remand from the California Supreme Court, the Court of Appeal held that Plaintiff's petition was moot because the OAH had since rendered a decision after its hearing. (ECF No. 1-3.) On August 23, 2017, the Supreme Court of California denied Plaintiff's petition for review. (*Id.*)

Plaintiff states that he "has effectively been completely shut out of the state court system by the Superior Court, Court of Appeal and California Supreme Court." (*Id.*) As a result, he "is unable to get relief from the state court system due to being on the California Vexatious Litigant List." (*Id.*) He seeks the following relief: (1) "VOID the OAH order revoking Plaintiff's credentials," (2) "Order the [CCTC] to re-instate all of Plaintiff's teaching credentials that were unconstitutionally revoked," (3) "Order the [CCTC] to grant the Clear Credential Application that was pending before it since July 2[014] before it was denied in March 2017 based on the unconstitutional OAH proposed order," (4) "Order the [CAOG] to cease and desi[s]t any and all retaliatory actions against Plaintiff," and (5) "Declare that the vexatious litigant bar of access to the state court is unconstitutional in as long as it prevents plaintiff from appealing the OAH revocation of Plaintiff's teaching credentials." (*Id.* at 11.)

### iii. Discussion

Plaintiff offers three legal theories under which he asserts that his constitutional rights have been violated. Even construing Plaintiff's complaint liberally, the Court concludes that the complaint fails to state any plausible claim for relief.

//

### a. Notice of OAH Hearing

First, Plaintiff asserts that he has been denied due process because the OAH did not offer him proper notice. He states that he received notice "for a 21-day suspension on [his] preliminary credential," but never received notice that his credential could be revoked. (*Id.* at 4.) The documents Plaintiff attaches to his complaint, however, belie this assertion. The Committee informed Plaintiff after it issued its suspension recommendation that Plaintiff had "the option of requesting an administrative hearing *but noted that disciplinary action imposed following the hearing could be greater or less than the action recommended by the Committee*." (ECF No. 1-2 at 2 (emphasis added).) Plaintiff thus received notice that he could face consequences more severe than the Committee's recommendation if he sought a hearing before the OAH. Plaintiff's complaint therefore fails to state a plausible claim that he was not on notice of the potential consequences of his opting for an administrative hearing.

### b. Procedural Due Process

Second, Plaintiff contends that Defendants violated Plaintiff's "property rights under the 5th & 14th Amendments" by depriving him of Preliminary and Clear Credentials "without due process of law." (ECF No. 1 at 4.) Construing the claim liberally, Plaintiff's claim is not plausible. "To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a . . . property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (internal quotation marks and alterations omitted). "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Here, Plaintiff points to two property interests of which he has been deprived: (1) the continuing operation of his previously obtained Preliminary

Credential, and (2) a grant of his application for a Clear Credential. The Court assumes without deciding that, at the time of the ALJ's decision, Plaintiff held a recognized property interest in both of these credentials. The question the Court must answer, then, is whether the OAH offered Plaintiff adequate process before engaging in this deprivation. It did.

As discussed above, Plaintiff received notice about the OAH hearing, yet he chose not to attend. At the hearing, the COAG offered testimony by Dodson, a campus police officer, Bell's vice principal, Bell's current principal, a student who observed Plaintiff engage in harassment of students, and that student's father. (ECF No. 1-2 at 3–14.) If Plaintiff had attended the hearing, he could have engaged in cross-examination and offered his own evidence in response. Cal. Gov't Code § 11513(b).[2] Plaintiff also could have been represented by an attorney. *See id.* § 11509. Before the hearing, Plaintiff had the opportunity to request discovery from the CCTC and take depositions. *Id.* §§ 11507.6, 11511. Moreover, the complaint indicates that Plaintiff's credential was not revoked until after the hearing and the ALJ issued his decision. Plaintiff has not identified any additional measure of procedural protection that he should have been afforded, and the Court cannot imagine any. The procedures available to Plaintiff were adequate to satisfy the Due Process Clause's requirements in this context. *See Goldberg v. Kelly*, 397 U.S. 254, 267–71 (1970) (discussing each of these procedural protections). The Court concludes that Plaintiff fails to state a procedural due process claim because Defendants afforded him adequate procedural protections before revoking Plaintiff's Preliminary Credential and denying his Clear Credential.

---

[2] California Code of Regulations, title 5, section 80521, states that an administrative hearing in this context "shall be conducted in accordance" with the hearing requirements set forth in California Government Code § 11500 *et seq*. Among the many requirements of such a hearing, "[e]ach party shall have these rights: to call and examine witnesses, to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination; to impeach any witness regardless of which party first called him or her to testify; and to rebut the evidence against him or her." Cal. Gov't Code § 11513(b).

### c. Access to Courts

Last, Plaintiff contends that Defendants violated Plaintiff's right under the First Amendment of access to state courts "to petition the government for redress (i.e., to appeal credential revocation) by utilizing the California Vexatious Litigant Statute unconstitutionally against Plaintiff." (ECF No. 1 at 3.) Based on Plaintiff's allegations, however, the CCTC, OAH, and CAOG had no role in enforcing California's vexatious litigant law against Plaintiff. In other words, Defendants' actions were not a but-for cause of Plaintiff's need to obtain authorization from a Superior Court before he can file suit there. Rather, the California courts are responsible for designating a litigant as vexatious and enforcing that law's requirements against him. *See* Cal. Civ. Proc. Code § 391.7. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Because Plaintiff's complaint fails to allege any causation between Defendants' conduct and Plaintiff's inability to access the California court system, the complaint does not state a plausible access to courts claim.

## II. CONCLUSION

Based on the reasoning above, the Court GRANTS Plaintiff's motion to proceed IFP, but *sua sponte* DISMISSES Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim for relief. Within 21 days of the filing of this order, Plaintiff may file an amended complaint curing the deficiencies explained above.

**IT IS SO ORDERED.**

Dated: November 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge