# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORENELIUS OLUSEYI OGUNSALU,<br><br>                       Plaintiff,<br>v.<br>OFFICE OF ADMINISTRATIVE HEARINGS; CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; and CALIFORNIA ATTORNEY GENERAL'S OFFICE,<br>                       Defendants. | Case No.: 17-cv-1766-GPC-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 4]**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF No. 5]; and**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 6]** |

      Before the Court are Plaintiff Cornelius Oluseyi Ogunsalu's ("Plaintiff") motions for reconsideration, appointment of counsel, and extension of time to file an amended complaint. (ECF Nos. 4-6.) For the reasons set forth below, the Court DENIES the motion for reconsideration, DENIES the motion for appointment of counsel, and DENIES as moot the motion for extension of time. Plaintiff may file an amended

1

complaint curing the deficiencies discussed in the Court's prior ruling (*see* ECF No. 3) within 30 days of the date this order is issued.

## I. Background

On September 1, 2017, Plaintiff filed a complaint ("Complaint") against the California Attorney General's Office ("CAOG"), California Commission on Teacher Credentialing ("CCTC"), and the Office of Administrative Hearings ("OAH"). (ECF No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis*. (ECF No. 2.) In his complaint Plaintiff alleged that Defendants violated his due process rights by failing to give him adequate notice before revoking his preliminary teaching credential and denying his application for a "clear" teaching credential. He also alleges that Defendants violated his First Amendment rights because the operation of California's vexatious-litigant statute prevented him from seeking redress from adverse administrative action in California court.

On November 8, 2017, this Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint without prejudice for failure to state a claim. (ECF No. 3.) The Court ruled that Plaintiff failed to state a claim for three reasons: (1) Plaintiff had sufficient notice regarding his OAH hearing and the resulting outcomes, (2) Plaintiff was afforded the opportunity to use several procedural protections in preparation for and during that hearing, and (3) Plaintiff could not assert claims relating to the vexatious litigant statute against Defendants because the complaint did not allege that any action taken by Defendants caused the application of that statute. The Court gave Plaintiff 21 days to file an amended complaint. (*Id.* at 9.)

## II. Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's order dismissing the complaint without prejudice. For the reasons stated below, reconsideration is not appropriate.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389*

*Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In seeking reconsideration of the Court's dismissal of the complaint, Plaintiff first notes in an introductory section of his memorandum that the Court did not take into consideration the fact that there are two ongoing cases involving challenges to adverse action taken against Plaintiff: *Ogunsalu v. San Diego Unified School District Board of Education, et al.*, No. 15-cv-02203-H-BGS (S.D. Cal.), and *Ogunsalu v. Sweetwater Union High School District, et al.*, No. 17-cv-01535-BAS-MDD (S.D. Cal.). In both cases, the district court dismissed Plaintiff's claims and Plaintiff has appealed. *See* Nos. 16-55624, 18-55359. Plaintiff fails to offer any reason to believe the pendency of these cases affects the propriety of this Court's ruling dismissing without prejudice Plaintiff's original complaint. He suggests, for example, that the fact that Precious Jackson-Hubbard, Michael Dodson, and Marco Samaniego—current principal, former principal, and vice principal of Plaintiff's former school, respectively—are defendants in the other pending cases, which was "motivation from all three to falsely testify before the OAH to have Plaintiff's teaching credentials revoked." (ECF No. 4 at 8.[1]) But this fact does not suggest that the Court's prior ruling in this case was incorrect.

In the argument section of his memorandum in support of the motion for reconsideration, Plaintiff first contends that the OAH lacked jurisdiction to conduct the hearings on November 14 and 15, 2016, which led to the revocation of Plaintiff's preliminary credential and denial of his application for a clear credential. (*Id.* at 11.) Plaintiff explains that the OAH lacked jurisdiction to proceed with its hearing because at that time there were several lawsuit pending before this federal district court, the Public Employment Relations Board ("PERB"), and the California Court of Appeal. In

---

[1] Citations to pages in Plaintiff's filings refer to the pagination provided by the CM/ECF system.

particular, Plaintiff argues that the fact that the Court of Appeal had pending before it Plaintiff's request to file a petition[2] revoked the OAH's jurisdiction. But Plaintiff fails to identify—and the Court cannot find—any California constitutional, statutory, regulatory, or case law authority suggesting that the pending litigation Plaintiff refers to would have revoked the OAH's jurisdiction to proceed with and conclude its hearing.[3]

Plaintiff also argues in his memorandum that the OAH's decision was "in retaliation for scathing email communications Plaintiff had with CCTC General Counsel Ani Kindall." (ECF No. 4 at 13–14.) Plaintiff, however, did not assert a retaliation claim in his complaint. The only mention of retaliation in the complaint is in the "Relief" section, in which Plaintiff asks the Court to order "the California Attorney General's Office to cease and desi[s]t any and all retaliatory actions against Plaintiff." (ECF No. 1 at 11.) If Plaintiff wishes to present a retaliation claim in this case, he may add a retaliation claim in an amended complaint. Because no such claim existed in the original complaint, however, this argument does not provide a ground for reconsideration of the Court's earlier order dismissing the original complaint.

Because Plaintiff does not present the Court with newly discovered evidence, does not identify a clear error in the Court's earlier decision, and does not identify an intervening change in controlling law, reconsideration of the Court's earlier order dismissing the complaint without prejudice is not appropriate.

### III. Motion for Appointment of Counsel

Plaintiff requests appointment of counsel because he is unable to afford retained counsel to pursue this case. (*See* ECF No. 6.) He notes that he has other pending legal

---

[2] Plaintiff asserts that he filed a "Petition for Writ of Mandate, Prohibition, or Other Appropriate Relief" in "this Court" on November 14, 2015. (*Id.* at 11 n.5.) The only case pending at that time in this district was No. 15-cv-2203, and there is no petition for any writ located on that docket.

[3] Plaintiff also notes that he is currently appealing his criminal conviction of harassment, and that the CCTC should have waited until that appeal was concluded before proceeding with any credential suspension or revocation proceedings based on that conviction. (ECF No. 4 at 15.) This issue was not presented in Plaintiff's original complaint. To the extent he wishes to bring a claim on that basis, Plaintiff may include it in an amended complaint.

matters and that he suffers from various health problems.[4] (*Id.*)

28 U.S.C. § 1915(e) grants federal district courts with discretion to "request an attorney to represent any person unable to afford counsel." This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has already filed a complaint in this case. For the reasons set forth in the Court's earlier ruling dismissing without prejudice that complaint, it does not appear at this time that Plaintiff has a likelihood of success on the merits of his claims. In his complaint Plaintiff demonstrated an ability to articulate his claims in a reasonable manner. Plaintiff has not identified any new circumstances since his last filing that would suggest a diminished ability to articulate these claims. Moreover, at this point, the Court does not find the legal issues involved in this case to be unusually complex.

In sum, this case does not present exceptional circumstances warranting appointment of pro bono counsel.

### IV. Conclusion

For the reasons set forth above, the Court DENIES the motion for reconsideration (ECF No. 4), and DENIES the motion to appoint pro bono counsel (ECF No. 6). Plaintiff may, within 30 days of the date this order is issued, file an amended complaint addressing the deficiencies noted in the Court's previous order. (*See* ECF No. 3.) In light of that deadline, Plaintiff's motion for extension of time to file an amended complaint (ECF No.

---

[4] Plaintiff also notes that in one of his appeals pending before the Ninth Circuit, the Appellate Commissioner ordered that pro bono counsel be appointed for Plaintiff. *See* No. 16-55624, ECF No. 27 (ordering appointment of pro bono counsel). On January 31, 2018, however, the Appellate Commissioner revisited that order and vacated the appointment of counsel. No. 16-55624, ECF No. 29.

4) is moot.

**IT IS SO ORDERED.**

Dated: July 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge