UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>                             Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS; CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; CALIFORNIA ATTORNEY GENERAL'S OFFICE; ANI KINDALL; CHARA CRANE; & ADAM BERG,<br><br>                            Defendants. | Case No.: 3:17-cv-01766-GPC-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS CTC, OAH, KINDALL, AND BERG**<br><br>[ECF No. 18] |

      Plaintiff Cornelius Oluseyi Ogunsalu is a former teacher in the San Diego Unified School District. After Ogunsalu sent out emails to the government decrying the injustice he felt that he was subjected to, state officials allegedly conspired together to violate Ogunsalu's constitutional rights and revoke and deny his teaching credentials. After proceedings before an administrative law judge, the judge did in fact revoke Ogunsalu's preliminary credential and denied his application for a permanent credential. Ogunsalu maintains that this decision was based on false allegations.

Ogunsalu's First Amended Complaint brings claims under 42 U.S.C. § 1983 and state law against Defendants Office of Administrative Hearings ("OAH"), California Commission on Teacher Credentialing ("CTC"), California Attorney General's Office, Ani Kindall, Chara Crane, and Adam Berg. Before the Court is a motion to dismiss brought by[1] Defendants CTC, OAH, Kindall, and Berg, seeking dismissal of Ogunsalu's First Amended Complaint. The CTC and OAH argue that because they are state agencies, Ogunsalu's lawsuit against them in this Court is barred by the Eleventh Amendment. Kindall and Berg contend that they are immune from Ogunsalu's claims because those claims arise from their judicial and prosecutorial roles in administrative proceedings. Based upon review of the pleadings and applicable law, and for the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss.

# I. BACKGROUND

1. Factual Background

    a.    The Parties

During the 2013-2014 school year, Ogunsalu served as a World History and Geography teacher at Bell Middle School, which is in the San Diego Unified School District ("SDUSD"). ECF No. 1-2 at 2. Ogunsalu had received a Preliminary Single Subject Teaching Credential on July 18, 2013, which was set to expire on June 1, 2016. *Id.*

Defendant Ani Kindall is General Counsel for the CTC. FAC, ECF No. 9 at 2. Defendant CTC is a state agency. *Id.* at 3. Defendant Adam Berg is an administrative law judge with OAH. *Id.* at 2. Defendant OAH is a state agency. *Id.* at 3. Defendant Chara Crane is an Assistant Attorney General of the California Attorney General's Office. *Id.* at 2.

---

[1] This motion is not filed on behalf of the Office of Attorney General nor Crane.

b.    Factual Allegations

The following allegations are taken from Ogunsalu's First Amended Complaint ("FAC").  On March 12, 2014, SDUSD notified Ogunsalu of non-reelection to his teaching position at Bell Middle School.  FAC, ECF No. 9 ¶ 44.  Ogunsalu sent emails to the SDUSD school board and the school principal, decrying the unlawfulness and unconstitutionality of his non-reelection.  *Id.* ¶¶ 48-50.  On March 14, 2014, SDUSD police seized Ogunsalu's laptop and classroom keys, and escorted him off campus.  *Id.*

In July 2014, Ogunsalu submitted his application for a Clear Single Subject Teaching Credential, or "clear credential."  *Id.* ¶ 28; ECF No. 1-2 at 2.  A clear credential is a lifetime credential that may be issued if the holder applies and pays for a fee for renewal every five years and meets all professional fitness requirements.  Cal. Educ. Code § 44251(b)(3).

Though Ogunsalu was notified of his non-reelection in March 2014, he did not have a CTC hearing until February 2015.  FAC ¶ 5.  Ogunsalu claims that this excessive delay denied him procedural due process.  *Id.*  On February 18, 2015, a committee appointed by CTC recommended a 21-day suspension of Ogunsalu's preliminary teaching credential.  *Id.* ¶ 4.  Defendant Kindall attended the hearing and questioned Ogunsalu regarding allegations by SDUSD of child abuse.  *Id.* ¶ 25.  Ogunsalu alleges that the San Diego Police Department Child Protective Services investigated the claims and cleared him of the allegations, and that such allegations are false.  *Id.*

Shortly after the February 2015 committee meeting, Ogunsalu sent an email to Kindall rejecting the recommendation for a 21-day suspension and claimed that the recommendation was motivated by racism and prejudice.  *Id.* ¶ 40.  Ogunsalu alleges that he exchanged contentions emails with Kindall.  *Id.* ¶ 7.  In March 2015, Ogunsalu sent emails to CTC officials titled, "WHO is now guilty of unprofessional conduct?" and "YOU KNOW EXACTLY WHAT TO DO."  *Id.* ¶ 41.

Ogunsalu appealed the committee's recommendation of a suspension to OAH.  *Id.* ¶ 4.  In the subsequent administrative proceedings, the Office of the Attorney General and

Crane sought revocation of Ogunsalu's preliminary credential and denial of his then-pending application for a clear credential, which was far beyond the CTC's recommendation of a 21-day suspension. *Id.* ¶¶ 4-6. Kindall, Crane, and Berg entered into a conspiracy to revoke Ogunsalu's credentials and deny his clear credential application in retaliation for Ogunsalu's emails. *Id.* ¶ 6-7, 40-41. Specifically, Defendants contrived false allegations that Ogunsalu committed child abuse and harassed students and teachers, as grounds for the revocation and denial of Ogunsalu's credentials. *Id.* ¶ 9, 26. CTC also alleged that Ogunsalu failed to disclose his non-reelection when he submitted his application for a clear credential. *Id.* ¶ 29. However, Ogunsalu claims that he informed CTC of his non-reelection before submitting his application. *Id.* ¶ 30. .

Crane, Kindall, and the CTC's executive director complied every record possible on Ogunsalu, and scoured every data base and records sources, in order to justify the false accusations against him. *Id.* ¶ 41. Crane and Kindall also conspired with officials from SDUSD and Sweetwater Union High School District to falsify records that would justify revoking Ogunsalu's credential. *Id.* ¶¶ 42, 43. In late 2016, an OAH settlement conference was held. *Id.* ¶ 5. Crane attempted to coerce Ogunsalu to accept the 21-day suspension or face additional discipline. *Id.*

A hearing was held before Defendant Berg on November 14 and 15, 2016. *Id.* ¶ 51, 52. Berg was notified that Ogunsalu had filed a petition for writ of mandate to the California Court of Appeals. *Id.* ¶ 51. Ogunsalu claims that the filing of this petition should have stopped the administrative hearing. *Id.* Ogunsalu alleges Defendants presented falsely contrived evidence and perjured testimony at the OAH hearing. *Id.* ¶ 20. Ogunsalu further alleges that Defendants conspired to have his former students make up allegations against him that had not been alleged when SDUSD decided to non-reelect him. *Id.* ¶ 20.

Berg concluded that Ogunsalu harassed teachers and students at Bell Middle School, engaged in unprofessional conduct, and poses a significant danger of harm to students and staff. *Id.* ¶ 14. Berg further concluded that Ogunsalu's preliminary

credential be revoked and his clear credential application should be denied, as it was the only discipline that will adequately protect the public. *Id.*

B. <u>Procedural History</u>

Ogunsalu filed his Complaint in this Court on September 1, 2017. Compl., ECF No. 1. Ogunsalu concurrently filed a motion to proceed *in forma pauperis*. ECF No. 2. The Court *sua sponte* dismissed without prejudice the Complaint for failure to state a claim. Order, ECF No. 3. Ogunsalu then filed a Motion for Reconsideration of Court Order Dismissing Plaintiff's Complaint. ECF No. 4. The Court denied the motion and directed Ogunsalu to file an amended complaint. Order, ECF No. 8.

On July 25, 2018, Ogunsalu filed his First Amended Complaint. Counts I-VI bring claims under 42 U.S.C. § 1983 against all Defendants, including the individual Defendants in their personal capacities. Counts I and IV advance claims for violation of due process and deprivation of property rights for depriving Ogunsalu of his teaching credentials by contriving false allegations. Count II brings a First Amendment retaliation claim. In Count III, Ogunsalu claims that Defendants conspired to violate his constitutional rights. Under the stigma-plus doctrine, Ogunsalu claims in Count V that Defendants defamed him. Count VI brings a claim for intentional infliction of emotional distress. Counts VII and VIII are state law claims. Ogunsalu alleges a civil conspiracy in Count VII against Crane, Berg, and Kindall. In Count VIII, Ogunsalu claims that Berg, Crane, and Kindall intentionally inflicted emotional distress.

In the prayer for relief, Ogunsalu asks the Court to: 1) void the OAH order revoking his teaching credentials and denying his clear credential application; 2) order the CTC to reinstate his teaching credentials that were revoked; 3) order the CTC to grant his clear credential application; 4) order the California Attorney General's Office to cease and desist any retaliatory actions against Ogunsalu that are related to the First Amended Complaint; 5) award damages.

The CTC, OAH, Kindall, and Berg move to dismiss the FAC. These Defendants raise numerous arguments, but as relevant here, CTC and OAH argue that under the

Eleventh Amendment, Ogunsalu cannot sue these agencies in federal court. Berg and Kindall contend that they are immune from Ogunsalu's claims because such claims arise from their quasi-judicial conduct in the course of administrative proceedings.

Ogunsalu asserts that the State has waived its Eleventh Amendment immunity through its affirmative litigation conduct in the underlying proceedings. Furthermore, Ogunsalu notes that the Eleventh Amendment does not prohibit a court from issuing an injunction against a state official who is violating federal law. With respect to the individual Defendants, Ogunsalu maintains that they are not entitled to immunity because they acted in the absence of jurisdiction and their conspiracy was not a function normally performed by a judge.

## II. DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W.*

*Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

B. <u>Analysis</u>

    1. <u>Ogunsalu's Claims against CTC and OAH</u>

Defendants first contend that Ogunsalu's claims against CTC and OAH must be dismissed because the Eleventh Amendment bars any suit in federal court against a state agency. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). Eleventh Amendment immunity is a jurisdictional bar. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Both OAH and CTC are agencies of the State. *See Windsor v. Marin Cty. Office of Educ.*, No. C 07-02897 JSW, 2008 WL 360454, at *5 (N.D. Cal. Feb. 8, 2008) ("There can be no reasonable dispute that the [CTC] is a state agency and is therefore entitled to Eleventh Amendment immunity."); *Guess v. Contra Costa Cmty. Coll. Dist.*, No. 12-CV-02829-YGR, 2016 WL 5930628, at *4 (N.D. Cal. Oct. 12, 2016) ("OAH has Eleventh Amendment immunity in the absence of a statutory abrogation of that immunity or waiver."). Therefore, OAH and CTC are entitled to Eleventh Amendment immunity.

Ogunsalu alleges that the State has waived its Eleventh Amendment immunity through its affirmative litigation conduct of participating in the underlying state court proceedings that give rise to this lawsuit. The Supreme Court has recognized that an individual may sue a state when a state "waive[s] its sovereign immunity by consenting

to suit." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). A state waives its sovereign immunity only when it "voluntarily invokes [the federal courts'] jurisdiction" or "makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." *Id.* at 675-76. The test is a "stringent one," and the State's consent to suit must be "unequivocally expressed." *Id.* at 676; *see Pennhurst*, 465 U.S. at 99. Ogunsalu points to no evidence that OAH or the CTC voluntarily invoked the Court's jurisdiction or clearly declared that it intends submit itself to federal jurisdiction. The State's action in state court and state administrative proceedings are not an indication of invoking or submitting to federal jurisdiction. Furthermore, this motion to dismiss is the first action that OAH and CTC has taken in this federal lawsuit, and the agencies first argue that the Court does not have jurisdiction over them.

Ogunsalu also asserts the Eleventh Amendment does not prohibit a federal court from issuing an injunction against a state official who is violating federal law. The *Ex parte Young* exception to the Eleventh Amendment permits suits for prospective declaratory or injunctive relief if suit is brought against a state official acting in an official capacity. *Ex parte Young*, 209 U.S. 123, 157 (1908). The *Ex parte Young* exception only applies to state officials; it does not apply to state agencies. *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 n.6 (9th Cir. 2018) ("The *Ex parte Young* exception applies only when the plaintiff names an individual state official."). Here, it is CTC and OAH seeking dismissal under the Eleventh Amendment. The *Ex Parte Young* exception is inapplicable to these Defendants. The Eleventh Amendment bars Ogunsalu's claims in federal court against the CTC and OAH, and the Court will dismiss those claims.[2]

---

[2] Because the Court finds that it lacks jurisdiction over the claims against CTC and OAH, the Court declines to address those Defendants' alternative arguments.

8

3:17-cv-01766-GPC-AGS

### 2. Ogunsalu's Claims against Kindall and Berg

#### a. 1983 claims

Defendants Kindall and Berg contend that Ogunsalu's claims against them arise from their participation in the administrative proceedings against him, and that they are thus absolutely immune from his § 1983 claims. "Absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors." *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (citing *Butz v. Economou*, 438 U.S. 478, 514-15 (1978)). "Judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). Judicial immunity is applicable in suits brought under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356 (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). This immunity applies to administrative law judges. *Romano*, 169 F.3d at 1186-87; *Dover v. Haley*, 616 F. App'x 295, 296 (9th Cir. 2015). Additionally, "an agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication is absolutely immune from suits based on the introduction of such evidence." *Butz*, 438 U.S. at 517. Ogunsalu's claims against Berg arises from his conduct as administrative law judge. Similarly, Ogunsalu's claims against Kindall stem from her participating in the administrative proceeding and her presentation of evidence in that proceeding. These Defendants are therefore immune from Ogunsalu's § 1983 claims.

Ogunsalu responds that Berg and Kindall are not entitled to absolute immunity because they acted in the clear absence of all jurisdiction in revoking his teaching credentials and denying his clear credential application. "A judge lacks immunity where he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citations and quotation marks omitted). California Education Code section 44421 authorizes the CTC to revoke or suspend a teaching credential for immoral or unprofessional conduct, refusal to obey

school district regulations, or unfitness for service. The CTC has continuing jurisdiction to impose discipline against the holder of a credential, including instituting a disciplinary proceeding or suspending or revoking the credential. Cal. Educ. Code § 44440(b). The CTC initially recommended a 21-day suspension. Under Cal. Educ. Code § 44244.1, a credential holder or applicant may request an administrative hearing to appeal from a CTC recommendation. Ogunsalu alleges that he appealed the 21-day suspension recommendation of the CTC. FAC ¶ 17.

"If the committee determines that probable cause for an adverse action on the credential exists, upon receipt of a request from an applicant or a credential holder pursuant to Section 44244.1, the commission shall initiate an adjudicatory hearing, as prescribed by Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, by filing an accusation or statement of issues." Cal. Educ. Code § 44242.5. "When a hearing is held to deny, suspend, or revoke a credential, the proceeding shall be conducted in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, and the commission shall have all the powers granted therein." Cal. Educ. Code § 44246. Chapter 5 of Part 1 of Division 3 of Title 2 of the Government Code provides that "[a]ll hearings of state agencies required to be conducted under this chapter shall be conducted by administrative law judges on the staff of the Office of Administrative Hearings." Cal. Gov't Code § 11502(a). Under this statutory scheme, CTC and OAH (and thus Kindall and Berg) had jurisdiction to conduct the administrative proceedings.

Ogunsalu posits that the administrative law judge was divested of jurisdiction when Ogunsalu appealed the denial of his motion to continue. Ogunsalu alleges that Berg entered an order denying Ogunsalu's motion for continuance on October 27, 2016. Ogunsalu further alleges that on November 8, 2016, he appealed this order to the San Diego Superior Court. Despite this appeal, Berg held the hearing on November 14, 2016, which Ogunsalu claims was without jurisdiction.

The Ninth Circuit distinguishes between actions taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981). A judge only loses absolute immunity when "he acts in the clear absence of *all* jurisdiction." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (citing *Stump*, 435 U.S. at 356-57 and n. 7) (emphasis added). In *Schucker*, the plaintiff brought a § 1983 claim against a superior court judge. Schucker argued that the trial court judge acted in the clear absence of jurisdiction because a notice of appeal had been filed in the California Court of Appeal and therefore judicial immunity did not apply. 846 F.2d at 1204. The Ninth Circuit found that at most, the judge erroneously exercised jurisdiction and acted in excess of jurisdiction, but did not act in clear absence of jurisdiction. *Id.* The Court finds *Schucker* similar to the facts here. It is possible that Berg erroneously exceeded his jurisdiction by proceeding with the hearing in light of Ogunsalu's appeal of the denial of his motion to continue. But the Court is not persuaded that Berg acted in clear absence of *all* jurisdiction over the credential proceedings. Berg and Kindall are immune from Ogunsalu's claims brought under 42 U.S.C. § 1983. These claims are dismissed.

        b.     <u>State Law Claims</u>

Kindall and Berg move to dismiss Ogunsalu's state law claims against them. Kindall contends that Government Code section 821.6 bars liability for these claims against her. That statute provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. This "immunity statute is given an 'expansive interpretation' in order to best further the rationale of the immunity, that is to allow the free exercise of the prosecutor's discretion and protect public officers from harassment in the performance of their duties." *Ingram v. Flippo*, 89 Cal. Rptr. 2d 60, 68 (Cal Ct. App. 1999) (citation omitted). "Section 821.6 is not limited to conduct occurring during formal proceedings. It also extends to actions taken in preparation for formal proceedings. Because

investigation is an essential step toward the institution of formal proceedings, it is also cloaked with immunity." *Javor v. Taggart*, 120 Cal. Rptr. 2d 174, 183 (Cal. Ct. App. 2002) (citation and quotation marks omitted). Moreover, this immunity "is not limited to peace officers and prosecutors but has been extended to public school officials, heads of administrative departments, social workers, county coroners, and members of county boards of supervisors." *Id.* (citation omitted). Ogunsalu's claims against Kindall arise from her participation in and preparation of the administrative proceeding against Ogunsalu. Kindall is therefore entitled to immunity from Ogunsalu's state law claims.

Berg asserts that he is immune from Ogunsalu's state law claims under quasi-judicial immunity. It is well established in California that "judges are granted immunity from civil suit in the exercise of their judicial functions." *Regan v. Price*, 33 Cal. Rptr. 3d 130, 132 (Cal. Ct. App. 2005) (citation omitted). "That is true even if the acts are in excess of the jurisdiction of the judge and are alleged to have been done maliciously and corruptly." *Tagliavia v. Cty. of Los Angeles*, 169 Cal. Rptr. 467, 468 (Cal. Ct. App. 1980). "The judicial immunity doctrine has been extended by the courts to persons who are not technically judges but who act in a judicial or quasi-judicial capacity." *Taylor v. Mitzel*, 147 Cal. Rptr. 323, 325 (Cal. Ct. App. 1978). California courts have thus concluded that "administrative judges are immune from any suit for civil damages, on the basis of judicial immunity." *Id.* at 326. Ogunsalu's state law claims arise from Berg's actions as an administrative judge presiding over an administrative proceeding. Berg is therefore entitled to judicial immunity.

Ogunsalu alleges that Kindall and Berg lacked jurisdiction to institute or prosecute the OAH revocation proceeding. California "cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Regan*, 33 Cal. Rptr. 3d at 132 (citations omitted). As the Court

found above, Defendants actions were not taken in the complete absence of all jurisdiction.

Ogunsalu also contends that Berg conspiring with Kindall was not a function normally performed by a judge and thus not given judicial immunity. "[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman*, 793 F.2d at 1078. California courts have extended immunity to judges in the face of allegations similar to those brought by Ogunsalu in this lawsuit. *See Frost v. Geernaert*, 246 Cal. Rptr. 440 (Cal. Ct. App. 1988) (corrupt conspiracy among judges to rule against plaintiff in civil litigation subject to absolute judicial immunity); *Taliaferro v. Cty. of Contra Costa*, 6 Cal. Rptr. 231 (Cal. Dist. Ct. App. 1960) (judge who allegedly maliciously issued arrest warrant with specific knowledge that the underlying facts did not constitute the charged criminal conduct immune from suit). The Court does not find Ogunsalu's position persuasive, and Berg and Kindall are entitled to immunity under California law from Ogunsalu's state law claims.[3]

Finally, Berg and Kindall assert that leave to amend should not be granted. "Pro se plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment." *Ashelman*, 793 F.2d at 1078. Ogunsalu's claims against Berg and Kindall arise from actions for which they are entitled to immunity. It is clear that any amendment to Ogunsalu's pleading would not overcome this immunity. Accordingly, the Court dismisses with prejudice Ogunsalu's claims against Berg and Kindall.

### III. CONCLUSION

For the reasons expressed above, Defendants Office of Administrative Hearings and California Commission on Teacher Credentialing are **DISMISSED WITHOUT**

---

[3] As the Court finds that Berg and Kindall are immune from all of Ogunsalu's claims, the Court declines to address Berg and Kindall's other arguments for dismissal.

1  **PREJUDICE** for lack of jurisdiction.  Furthermore, Plaintiff Cornelius Oluseyi Ogunsalu's claims against Defendants Ani Kindall and Adam Berg are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  November 15, 2018

Hon. Gonzalo P. Curiel
United States District Judge