UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS; CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; CALIFORNIA ATTORNEY GENERAL'S OFFICE; ANI KINDALL; CHARA CRANE; & ADAM BERG,<br><br>Defendants. | Case No.: 3:17-cv-01766-GPC-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT OFFICE OF THE ATTORNEY GENERAL**<br><br>[ECF No. 26] |

Before the Court is the Motion to Dismiss filed by Defendant State of California Office of the Attorney General ("OAG"). In this case, Plaintiff Cornelius Oluseyi Ogunsalu advances claims under 42 U.S.C. § 1983 against the OAG. The OAG moves to dismiss Ogunsalu's First Amended Complaint based on Eleventh Amendment immunity. Based upon a review of the pleadings and applicable law, and for the reasons discussed below, the Court **GRANTS** the OAG's motion to dismiss.

# I. BACKGROUND

1. Factual Background

    a. The Parties

During the 2013-2014 school year, Ogunsalu served as a World History and Geography teacher at Bell Middle School, which is in the San Diego Unified School District ("SDUSD"). ECF No. 1-2 at 2. Ogunsalu had received a Preliminary Single Subject Teaching Credential on July 18, 2013, which was set to expire on June 1, 2016. *Id.*

Defendant Ani Kindall is General Counsel for the California Commission on Teacher Credentialing ("CTC"). FAC, ECF No. 9 at 2. Defendant Adam Berg is an administrative law judge with the Office of Administrative Hearings ("OAH"). *Id.* Defendant Chara Crane is an Assistant Attorney General of the OAG. *Id.* Defendants OAG, CTC, and OAH are all state agencies. *Id.* at 3.

    b. Factual Allegations

The following allegations are taken from Ogunsalu's First Amended Complaint ("FAC"). On March 12, 2014, SDUSD notified Ogunsalu of non-reelection to his teaching position at Bell Middle School. FAC, ECF No. 9 ¶ 44. Ogunsalu sent emails to the SDUSD school board and the school principal, decrying the unlawfulness and unconstitutionality of his non-reelection. *Id.* ¶¶ 48-50. On March 14, 2014, SDUSD police seized Ogunsalu's laptop and classroom keys, and escorted him off campus. *Id.*

In July 2014, Ogunsalu submitted his application for a Clear Single Subject Teaching Credential, or "clear credential." *Id.* ¶ 28; ECF No. 1-2 at 2. A clear credential is a lifetime credential that may be issued if the holder applies and pays for a fee for renewal every five years and meets all professional fitness requirements. Cal. Educ. Code § 44251(b)(3).

Though Ogunsalu was notified of his non-reelection in March 2014, he did not have a CTC hearing until February 2015. FAC ¶ 5. Ogunsalu claims that this excessive delay denied him procedural due process. *Id.* On February 18, 2015, a committee

appointed by CTC recommended a 21-day suspension of Ogunsalu's preliminary teaching credential. *Id.* ¶ 4. Defendant Kindall attended the hearing and questioned Ogunsalu regarding allegations by SDUSD of child abuse. *Id.* ¶ 25. Ogunsalu alleges that the San Diego Police Department Child Protective Services investigated the claims and cleared him of the allegations, and that such allegations are false. *Id.*

Shortly after the February 2015 committee meeting, Ogunsalu sent an email to Kindall rejecting the recommendation for a 21-day suspension and claimed that the recommendation was motivated by racism and prejudice. *Id.* ¶ 40. Ogunsalu alleges that he exchanged contentions emails with Kindall. *Id.* ¶ 7. In March 2015, Ogunsalu sent emails to CTC officials titled, "WHO is now guilty of unprofessional conduct?" and "YOU KNOW EXACTLY WHAT TO DO." *Id.* ¶ 41.

Ogunsalu appealed the committee's recommendation of a suspension to OAH. *Id.* ¶ 4. In the subsequent administrative proceedings, the OAG and Crane sought revocation of Ogunsalu's preliminary credential and denial of his then-pending application for a clear credential, which was far beyond the CTC's recommendation of a 21-day suspension. *Id.* ¶¶ 4-6. Kindall, Crane, and Berg entered into a conspiracy to revoke Ogunsalu's credentials and deny his clear credential application in retaliation for Ogunsalu's emails. *Id.* ¶ 6-7, 40-41. Specifically, Defendants contrived false allegations that Ogunsalu committed child abuse and harassed students and teachers, as grounds for the revocation and denial of Ogunsalu's credentials. *Id.* ¶ 9, 26. CTC also alleged that Ogunsalu failed to disclose his non-reelection when he submitted his application for a clear credential. *Id.* ¶ 29. However, Ogunsalu claims that he informed CTC of his non-reelection before submitting his application. *Id.* ¶ 30.

Crane, Kindall, and the CTC's executive director complied every record possible on Ogunsalu, and scoured every data base and records sources, in order to justify the false accusations against him. *Id.* ¶ 41. Crane and Kindall also conspired with officials from SDUSD and Sweetwater Union High School District to falsify records that would justify revoking Ogunsalu's credential. *Id.* ¶¶ 42, 43. In late 2016, an OAH settlement

conference was held. *Id.* ¶ 5. Crane attempted to coerce Ogunsalu to accept the 21-day suspension or face additional discipline. *Id.*

A hearing was held before Defendant Berg on November 14 and 15, 2016. *Id.* ¶ 51, 52. Berg was notified that Ogunsalu had filed a petition for writ of mandate to the California Court of Appeals. *Id.* ¶ 51. Ogunsalu claims that the filing of this petition should have stopped the administrative hearing. *Id.* Ogunsalu alleges Defendants presented falsely contrived evidence and perjured testimony at the OAH hearing. *Id.* ¶ 20. Ogunsalu further alleges that Defendants conspired to have his former students make up allegations against him that had not been alleged when SDUSD decided to non-reelect him. *Id.* ¶ 20.

Berg concluded that Ogunsalu harassed teachers and students at Bell Middle School, engaged in unprofessional conduct, and poses a significant danger of harm to students and staff. *Id.* ¶ 14. Berg further concluded that Ogunsalu's preliminary credential be revoked and his clear credential application should be denied, as it was the only discipline that will adequately protect the public. *Id.*

B. Procedural History

Ogunsalu filed his Complaint in this Court on September 1, 2017. Compl., ECF No. 1. Ogunsalu concurrently filed a motion to proceed *in forma pauperis*. ECF No. 2. The Court *sua sponte* dismissed without prejudice the Complaint for failure to state a claim. Order, ECF No. 3. Ogunsalu then filed a Motion for Reconsideration of Court Order Dismissing Plaintiff's Complaint. ECF No. 4. The Court denied the motion and directed Ogunsalu to file an amended complaint. Order, ECF No. 8.

On July 25, 2018, Ogunsalu filed his FAC. Counts I-VI bring claims under 42 U.S.C. § 1983 against all Defendants. Counts I and IV advance claims for violation of due process and deprivation of property rights for depriving Ogunsalu of his teaching credentials by contriving false allegations. Count II brings a First Amendment retaliation claim. In Count III, Ogunsalu claims that Defendants conspired to violate his constitutional rights. Under the stigma-plus doctrine, Ogunsalu claims in Count V that

Defendants defamed him. Count VI brings a claim for intentional infliction of emotional distress. Counts VII and VIII are state law claims against Crane, Berg, and Kindall.

In the prayer for relief, Ogunsalu asks the Court to: 1) void the OAH order revoking his teaching credentials and denying his clear credential application; 2) order the CTC to reinstate his teaching credentials that were revoked; 3) order the CTC to grant his clear credential application; 4) order the OAG to cease and desist any retaliatory actions against Ogunsalu that are related to the FAC; and 5) award damages.

On September 28, 2018, Defendants CTC, OAH, Kindall, and Berg moved to dismiss Ogunsalu's claims against them. ECF No. 18. As relevant here, the CTC and OAH argued that under the Eleventh Amendment, Ogunsalu cannot sue those agencies in federal court. Ogunsalu responded that the State waived its Eleventh Amendment immunity through its affirmative litigation conduct in the underlying proceedings. Moreover, Ogunsalu asserted that the Eleventh Amendment does not prohibit a court from issuing an injunction against a state official who is violating federal law.

In an Order entered on November 15, 2018, the Court granted Defendants' Motion to Dismiss. The Court noted that both OAH and CTC are agencies of the State. The Court found that the State's actions prosecuting the underlying proceedings did not waive its Eleventh Amendment immunity. The Court further found that the *Ex parte Young* exception did not apply because that exception only applies to state officials, not state agencies.

Defendant OAG has now moved to dismiss Ogunsalu's FAC. Def.'s Mot., ECF No. 26. OAG contends that because it is a state agency, the Eleventh Amendment bars this suit against it in federal court. Def.'s Mem. at 7, ECF No. 26-1. Ogunsalu responds that Defendants' affirmative conduct in the underlying litigation constitutes a waiver to Eleventh Amendment immunity. Pl.'s Mem. at 4-5, ECF No. 32-1.

# II. DISCUSSION

A. <u>Legal Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

B. <u>Analysis</u>

1. <u>Ogunsalu's Claims against CTC and OAH</u>

Defendant OAG contends that Ogunsalu's claims against it must be dismissed because the Eleventh Amendment bars any suit in federal court against a state agency. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). Eleventh Amendment immunity is a "jurisdictional bar." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999) ("[W]e hold that the federal courts are without jurisdiction to entertain this suit against an arm of the State of Florida."); *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501 (1998) ("The jurisdiction of the federal courts is constrained, however, by the Eleventh Amendment[.]"); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 73 (1996) ("Petitioner's suit against the State of Florida must be dismissed for a lack of jurisdiction."). *But see Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) ("[D]ismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction.").

As Ogunsalu correctly notes in his FAC, the OAG is an agency of the State. *Dooley v. Harris*, No. EDCV 13-1447-RGK DTB, 2014 WL 198730, at *5 (C.D. Cal. Jan. 16, 2014). Therefore, the OAG is entitled to Eleventh Amendment immunity.

Ogunsalu alleges that the State has waived its Eleventh Amendment immunity through its affirmative litigation conduct of participating in the underlying state court proceedings that give rise to this lawsuit. The Supreme Court has recognized that an individual may sue a state when a state "waive[s] its sovereign immunity by consenting to suit." *Coll. Sav. Bank*, 527 U.S. at 676. A state waives its sovereign immunity only when it "voluntarily invokes [the federal courts'] jurisdiction" or "makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." *Id.* at 675-76. The test is a "stringent one," and the State's consent to suit must be "unequivocally expressed." *Id.* at 676; *see also Pennhurst*, 465 U.S. at 99.

Ogunsalu points to no evidence that the OAG voluntarily invoked the Court's jurisdiction or clearly declared that it intends to submit itself to federal jurisdiction. The State's action in the underlying state court and state administrative proceedings are not an indication of invoking or submitting to federal jurisdiction. Furthermore, this motion to dismiss is the first action that the OAG has taken in this federal lawsuit, and the agency's sole argument is that the Eleventh Amendment bars this suit against it in federal court. The Court concludes that the Eleventh Amendment bars Ogunsalu's claims against OAG, and Ogunsalu's claims against OAG are dismissed.

### III. CONCLUSION

For the reasons expressed above, the Court **GRANTS** Defendant Office of the Attorney General's Motion to Dismiss First Amendment Complaint. Plaintiff Cornelius Ogunsalu's claims against Defendant Office of the Attorney General are **DISMISSED WITHOUT PREJUDICE** to seek available relief in state court.

**IT IS SO ORDERED.**

Dated: December 20, 2018

Hon. Gonzalo P. Curiel
United States District Judge